## PIERCE COUNTY v. McHENRY COUNTY.

(159 N. W. 841.)

**Action — venue — change of — by stipulation — from one county to another — disbursements — jurors — bailiffs — other necessary expenses — reimbursement — must be made.**

In an action brought in McHenry county, venue was changed upon stipulation to Pierce county, where a jury trial was had. A certified bill of disbursements for jurors, bailiffs, and other expenses was presented to McHenry county to reimburse Pierce county. Payment was refused. McHenry county contends that as all parties litigant in said action were nonresidents of Mc-Henry county and as the change of venue was ordered upon a stipulation, it is not liable under § 7810, Comp. Laws 1913.

*Held,* That this recovery is one within the terms of and authorized by the statute, and that McHenry county must reimburse Pierce county for such disbursements.

Opinion filed October 14, 1916.

An appeal from the District Court of McHenry County, *Buttz,* Special Judge.

Affirmed.

*John Thorpe,* for appellant.

The court erred in holding that the change of venue taken in the original action for the costs of which this action was brought, was taken pursuant to law. Greenwood County v. Elk County, 63 Kan. 857, 66 Pac. 1018; Portage County v. Columbia County, 148 Wis. 329, 134 N. W. 908, Ann. Cas. 1913B, 185; Comp. Laws 1913, § 7810.

No change of venue can be taken after the time for answer has expired. 40 Cyc. 144.

The clerk of court is required to swear to the correctness of a bill for costs, presented by one county against another. Code Civ. Proc. 1877, § 396.

A certificate by the judge is not sufficient. Certifying to a matter is merely testifying to its truth. 2 Words & Phrases, 1033.

The "allowance" of such a bill raises a different question. 1 Words & Phrases, 344.

*H. B. Senn, H. B. Nelson,* and *L. N. Torson,* for respondent.

The change of venue in the case in which the costs are in this present case sought to be recovered was the case of Pope v. Bailey-Marsh Company—a foreign corporation—having no fixed county residence in this state. In such case the proper county for trial is the county named in the complaint. The plaintiff had the right to choose the county. By stipulation of parties and by the order of the court based thereon, the place of trial was changed from McHenry county to Pierce county, and was therefore taken "pursuant to the law." Comp. Laws 1913, § 7417; Ivanusch v. Great Northern R. Co. 26 S. D. 158, 128 N. W. 333.

In a proper action the defendant may demand and secure a change. This right is absolute and equally applies to natural persons and corporations. And where a change is effected by stipulation, and by the order of the court based on such stipulation, it is just as much in "pursuance of law" as though defendant had demanded it and made its motion therefor in the usual way. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; Comp. Laws, 1913, § 7418; Comp. Laws, 1913, § 7936, subds. 17 and 33; Eastman v. Sherry, 37 Fed. 845; Hanchett v. Humphrey, 93 Fed. 896; Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221; Vaughn v. Hixon, 50 Kan. 773, 32 Pac. 358; Duffy v. Duffy, 104 Cal. 602, 38 Pac. 443.

The courts of all the counties in this state were open to plaintiff, and he had the right to select. This is not only statutory, but the right exists under the Constitution. N. D. Const. art. 1, § 22.

Goss, J. This is an appeal from an order overruling a demurrer to plaintiff's complaint. The material facts admitted by the demurrer

are that a civil action for damages was commenced in the District court of McHenry county by a resident of Ward county against two non-resident defendant corporations. An order of the district court was entered upon stipulation of the parties, changing the venue from Mc-Henry to Pierce county, in the same judicial district. A protracted trial was had to a jury. Pierce county has taxed its necessary and actual disbursements occasioned by said trial, inclusive of juror's and bailiff's *per diems* at the sum of $670.65. This bill was duly presented to the presiding district judge and by him was certified as "true and correct items of expense incurred by Pierce county in said trial." Understanding that McHenry county desired to litigate its liability for payment of these costs, an order for their payment was not made. The sole question presented is the liability of the defendant county under these admitted facts.

Decision turns upon the construction of § 7810, Comp. Laws, 1913. Section 395 of the Code of Civil Procedure of 1877 controlled until the Code revision of 1895 became effective January 1, 1896. Section 395 read: "Whenever a change of venue is granted in any case pend-ing in the district courts, all the costs and fees paid by the county to which the case is ordered for trial shall be charged to the county from which such case is sent." This provision did not cover expenses so incurred in criminal cases, and there was no exception as to kinds of civil cases; all were covered by this statute. Section 7810, Comp. Laws, 1913, came into existence as § 5595, Rev. Code 1895, and as change in the prior law amounting to new legislation on the subject, according to the report of the joint legislature committee proposing the statute in its present form. See House Journal of 1895, Appx. page 119, § 423. And this new statute reads: "In *all* actions or pro-ceedings, *including criminal actions,* when a change of venue is had or made by the order of any court or of any judge pursuant to law, *except* in cases when such change is made because such action was not brought in the proper county, the court in which such action was commenced shall pay to the county in which the same is tried, the following ex-penses arising out of such change of venue: "And eight itemized heads of expense follow, covering the items of cost in suit. The con-cluding portion thereafter reads: "But no costs shall be paid to the

35 N. D.—16.

county to which a change of venue is had which are not properly chargeable against such county."

This statute was carefully drawn to cover costs in both civil and criminal actions, and contains only two specific exceptions, *i. e.* (1) "Cases when such change is made because such action was not brought in the proper county;" and (2) no costs not properly chargeable against the county to which the change is taken shall be charged against the county from which it is removed. While the cause of action in which the costs were incurred was transitory and suit could have been brought in Ward county by the plaintiff, a resident of Ward county, nevertheless it was properly brought in McHenry county within the meaning of this statute. There is no statutory exception excluding reimbursements in this case under these circumstances. And to hold that the facts make it an exception is the equivalent of reading another and further exception into the statute, and one not found there. The clause "pursuant to law" does not signify that the statute does not cover cases where a change of venue is ordered upon a stipulation of parties or of counsel. To so hold would narrow the scope of this statute broad and comprehensive in terms. The statute is as definite as it is broad. All actions or proceedings, including criminal actions, are covered by it, "when a change of venue is had or made by the order of any court or of any judge pursuant to law." As a transfer or change of venue by order of court or judge based upon a written stipulation is a change had or made pursuant to law, and is in nowise contrary to or unsupported by law, and as under the facts the case is not within the exceptions contained in the statute, it must be one included therein, and with the result that the defendant county must be held indebted to the plaintiff county.

Section 5595, Rev. Codes 1895, § 7810, Comp. Laws, 1913, was taken literally from § 2940 of the Wisconsin Statutes of 1878. There are three decisions of that state upon that statute; Green Lake County v. Waupaca County, 113 Wis. 425, 89 N. W. 549; Winnebago County v. Dodge County, 125 Wis. 42, 103 N. W. 255, and Portage County v. Columbia County, 148 Wis. 330, 134 N. W. 908, Ann. Cas. 1913B, 185. The reasoning upon which the last decision is based is conclusive against this appellant. An action was improperly brought in Dane county, and on a showing thereof was transferred to Columbia county

as the proper county for trial. Then, on stipulation, a change of venue was taken to Portage county, where it was tried, and which county sought to recover the costs incurred on trial from Columbia county. It was held that the situation was one not covered by the statute, and recovery could not be had, because the action was not commenced in Columbia county, though it was the county in which the action should have been begun. The following is from the opinion: "An analysis of the statute will disclose that upon a change of venue the costs of trial can be charged back to but one county; namely, the county in which the action was properly begun. The legislative scheme deals only with counties in which the action was commenced, and it divides such counties into two classes, those in which the action was properly begun and those in which it was not properly begun, and it exempts the latter from liability. The result is that when an action is tried in a county on a change of venue that county must be able to find a county in which the action was properly begun, in order to relieve itself of liability for the costs of trial. If it cannot find such a county it must bear the burden itself, for no provision is made for charging back the costs against any other county. In other words, the legislature has said: If the action was properly brought in the county in which it was commenced, such county can be charged with the costs of trial upon a change of venue; but if it was not properly brought there it cannot be charged. There the statute ends. It makes no provisions for charging the costs to any other county. A situation such as is before us in the instant case was not provided for. But it is said the court should construe the word "commenced" to mean properly commenced, and should hold that the present action was not properly commenced till it reached Columbia county on a change of venue. The insuperable obstacle to such construction is that the legislature recognized the fact that an action could be either properly or improperly commenced in a county by providing for a liability for costs in the one case and for exemption therefrom in the other; and that in fixing liability it did not go beyond the county in which the action was commenced, whether that was a proper or improper one. Hence, we cannot extend the provisions of the statute by a construction that is negatived by the act itself."

While it may seem unreasonable, arbitrary, and unjust to exact this

payment by McHenry county of costs in a cause of action arising elsewhere, and with both the plaintiff and defendants nonresidents of McHenry county, in effect requiring that county to pay for litigation between nonresidents, simply because the statutes permit the suit to be brought in the first instance in McHenry county, yet it would be equally unreasonable, unjust, and arbitrary to hold that Pierce county, under such circumstances, should be obliged to bear this expense. Both plaintiff and defendant stand upon an equal footing on the merits, and an injustice must be done one or the other. Upon that situation the statute has spoken, and the legislature has elected to, by uniform rule, hold the county responsible in which the action was commenced. It must be assumed that this situation was considered by the legislature before the rule was declared. The order appealed from is affirmed.

CHRISTIANSON, J., did not participate.