Quaw, Respondent, vs. Paff, imp., Appellant.

*February 11 — March 1, 1898.*

*County officers: Salary: Recovery of money unlawfully paid as extra compensation: Action by taxpayer.*

A county treasurer made a claim against his county for about $500 for extra services which were in fact within the line of his official duty, and the claim was allowed by the county board, and the

Quaw vs. Paff.

money withdrawn by him from the county funds. After demand of, and refusal by, the county board, to compel a return of the money, this action was brought by plaintiff in his own behalf, and that of other taxpayers, to charge such treasurer as a trustee of such money, and to compel him to account for the same and pay it into the county treasury. *Held,* on a demurrer to the complaint setting up the facts:

(1) A salaried county officer, for the performance of the duties of his official position and service which he performs voluntarily as such officer by request of the governing body of the corporation, is entitled to his salary only.

(2) An officer who obtains public money from the treasury by forms of law, ostensibly for extra services, but to which he has no right in fact, does not thereby obtain title to such money, and on a failure of the proper officers to respond favorably to a demand by a taxpayer to compel a return of such money, such taxpayer may, acting in his own behalf and in behalf of other taxpayers, maintain an action to charge such officer as a trustee of such money, and to compel him to account for the same and pay it over to the rightful owner.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Marathon county: CHAS. M. WEBB, Judge. *Affirmed.*

Action to declare and enforce a constructive trust. The material allegations of the complaint are, in substance, as follows:

From and after the first Monday of January, 1895, defendant *Paff* was county treasurer of Marathon county, and plaintiff a taxpayer of such county. The action was brought by plaintiff in his own behalf, and in behalf of all other taxpayers of the county similarly situated. At the annual November (1895) meeting of the county board of supervisors of the county, there was allowed to the treasurer, *Paff,* on bills filed by him, $475 for clerk hire, and $28.92 for posting tax-sale notices. Thereafter *Paff* withdrew from the county funds the amount so allowed to him, and converted the same to his own use. He did not perform any service as a consideration for the money so allowed to him, except such as

he was required to perform because of his official position.. The sum so allowed and drawn formed no part of his salary as fixed by law before he entered upon the duties of his office. He, and the members of the county board, when his claim was allowed and the money drawn from the public funds, knew that he was neither legally nor equitably entitled to the same. In May, 1896, plaintiff, in behalf of himself and other taxpayers, demanded of *Paff* that he return the money so illegally drawn as aforesaid, which demand has not been complied with. At a meeting of the county board held in June, 1896, a request in writing, made by plaintiff in behalf of himself and other taxpayers, was presented to the county board to take the necessary proceedings to recover of *Paff*, for the benefit of the county, the money so drawn as aforesaid, offering at the same time to indemnify the county against all costs of the necessary legal proceedings. The request was indefinitely postponed by the board.

The judgment prayed for, among other things, is that defendant be required to return the money illegally drawn by him from the public funds, and that plaintiff have such other relief as might be deemed just and equitable.

To the complaint the defendant *Paff* interposed a demurrer upon the following grounds: (1) For want of jurisdiction of the subject of the action; (2) for want of legal capacity to sue; (3) for defect of parties plaintiff; (4) for defect of parties defendant; (5) for failure to state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appealed.

The cause was submitted for the appellant on the brief of *Bump, Kreutzer & Rosenberry*, and for the respondent on separate briefs by *Mylrea, Marchetti & Bird* and *Brown & Pradt*.

Counsel for the appellant contended, *inter alia*, that it does not belong to the jurisdiction of a court of equity to revise or control the determination of the county board in

Quaw vs. Paff.

its examination and allowance of accounts against the county. The facts set forth in the complaint do not bring the case within any acknowledged or defined head of equity juris-prudence. *Pedrick v. Ripon*, 73 Wis. 624; 1 Pomeroy, Eq. Jur. § 112; *Willard v. Comstock*, 58 Wis. 565; *Sage v. Fifield*, 68 id. 552. All the cases in this court, where the action has been sustained at the suit of a taxpayer to set aside illegal corporate acts and to require funds or property to be re-stored, including the case of *Frederick v. Douglas Co.* 96 Wis. 411, were cases where preventive relief was asked as the basis of the suit. A taxable inhabitant, as such, cannot maintain an action to avoid corporate acts, not affecting his private interest as distinct from that of other inhabitants. *Roosevelt v. Draper*, 23 N. Y. 318; *People v. Fields*, 58 id. 509; *Smith v. Heuston*, 6 Ohio, 101; *Kilbourne v. St. John*, 59 N. Y. 21.

MARSHALL, J. It is not contended on the part of the ap-pellant that there was any legal or equitable claim against Marathon county as a basis or consideration for the money which, under the forms of law as set forth in the complaint, he drew from the county treasury and still retains. Indeed, no such claim can be made in face of the express statu-tory prohibition against any increase of the salary of a county officer during his term of office (sec. 694, R. S. 1878), and in face of the repeated decisions of this court, that that wholesome provision of law cannot be successfully evaded, so as to be beyond remedy, by any such means as that of making an allowance for clerk hire (*Rooney v. Milwaukee Co.* 40 Wis. 23), or an allowance for the performance of some specific act really belonging to the duties of the office (*Jones v. Grant Co.* 14 Wis. 518), or an allowance for expenses (*Crocker v. Brown Co.* 35 Wis. 284), or by any other of the many ways that have been resorted to by officers to obtain possession of public money, ostensibly as compensation for

some public service outside of their official duties.   Officers take their offices *cum onere*, and can acquire no right, legal or equitable, to a salary in excess of that provided and fixed by law before they enter upon their official duties.  Whether the salary incident to an office be adequate or inadequate is entirely immaterial.   The officer accepting an office has no right to demand more for the performance of its duties, or the performance of any duty, as such officer, not required by law, but which may be required of him by the governing body of the corporation and voluntarily performed.   All services performed, which are within the scope of his official duties, or which are voluntarily performed as such officer by request or otherwise, are, in contemplation of law, covered by his official salary.   *Kewaunee Co. v. Knipfer*, 37 Wis. 496.   Though he may by some means obtain possession of public funds as additional compensation, and by permission of the governing body of the corporation, the title of the money thus obtained does not thereby change from the public to him.   He thereby places himself in the position of one holding money to which he has no right, and which, by every principle of legal and equitable duty as well, he is required to return to its rightful owner and possessor.

It follows from the foregoing that the complaint shows that the appellant, by means and ways unlawful and void, drew from the county treasury and converted to his own use over $500 of public money which should be returned. He is liable personally therefor, and, as he was the official custodian of the funds in the first place, is liable for the same on his bond as well (*Kewaunee Co. v. Knipfer, supra*), just in all respects as if he had taken the money in any other unlawful way.

The question of whether plaintiff, acting in behalf of himself and all other taxpayers, has legal capacity to maintain this action to charge the unlawful holder of public money as trustee thereof for the rightful owner, and to compel him

to account therefor and pay the same over to such owner on the facts stated in the complaint, was considered and decided in *Frederick v. Douglas Co.* 96 Wis. 411. Under the rule there laid down, the demurrer to the complaint under consideration was properly overruled on all points urged against it. A rediscussion of the principles involved at this time, it is considered, would not render the doctrine upon which such actions are maintainable more plain than by a reference to what was there said. It is fully recognized that there is some conflict of authority on the subject; but it is believed that the weight of authority, and certainly the better reasoning, supports the decision of this court. That a stockholder of a private corporation can, where its officers misuse the corporate funds and the governing body refuses to proceed to remedy the wrong, maintain an action in his own behalf and that of the other stockholders against the delinquent official for the benefit of the corporation, is not questioned anywhere, and no good reason can be assigned why the taxpayers of a public corporation should have a less measure of protection. Certainly, public officers should act up to the highest standard of official integrity, and the remedies to compel that result should be as ample to meet the exigencies of all situations as the remedies between private corporations, their stockholders and officers. A full understanding of the existence of the remedy by action on behalf of taxpayers, for the benefit of a public corporation, to compel a person who has unlawfully transferred money from the public treasury where it belongs, to his own pocket where it does not belong, will have a most salutary effect in promoting the highest attainable standard of fidelity to public trusts on the part of officials. By it they will be admonished at all times and under all circumstances that the title to public money does not change and become private property through mere forms of law, or change of location, or otherwise than for legitimate public purposes and in the manner

provided by law. There are no equitable considerations here to estop plaintiff from maintaining this action to compel a return of the money wrongfully obtained, as existed in *Frederick v. Douglas Co., supra.* The action was seasonably brought, the appellant rendered no service for the money he obtained, and has in no way suffered by reason of laches on the part of the plaintiff or any taxpayer of the county.

*By the Court.*— The order of the circuit court is affirmed.