St. Croix County, Respondent, vs. Webster, Appellant.

*September 3 — September 24, 1901.*

*Public officers: Compensation: Unauthorized allowance: Recovery: Clerk of circuit court: Fees: Burden of showing illegality: Estoppel.*

1. If a public officer receives from a municipal corporation compensation in addition to that authorized by law for services within the scope of his official duties or which are voluntarily performed as such officer, he obtains no title thereto and the same may be recovered by the corporation in an action for money had and received.

2. Sec. 747, R. S. 1878, provides that clerks of the circuit courts shall be entitled to the fees therein specified and *no more*, but that whenever the county board may think the compensation therein provided insufficient they may order an additional sum to be paid out of the county treasury. *Held*, that payments by the county to the clerk in addition to the statutory fees cannot be justified under the latter provision, where no claim was made that the compensation allowed by statute was insufficient and the county board did not consider that question but merely allowed the unauthorized charges or items in the fee bills presented by the clerk.

3. The provision of sec. 747, R. S. 1878, which allows the clerk certain fees "for making copies of any judgment, order, report or other paper or record " does not authorize him to make any charge for writing the names of eligible jurors, cutting them apart, and putting them in the box ready for the drawing of the panel.

4. Neither the provision above quoted, nor that which allows a fee "for recording any paper, order, judgment or report when required," authorizes any charge for transcribing the court minutes into a book.

5. Under sec. 747, R. S. 1878, the clerk of the circuit court is entitled to $1 and no more for drawing the panel of jurors, and to the same amount for admitting to citizenship, including certificate.

6. Under sec. 4060, R. S. 1878, witnesses in criminal cases are to make and present to the clerk their affidavits of attendance and travel, and if the clerk administers the oath to such an affidavit it is a service performed for the witness and not for the county; but the fees for certificates of attendance, etc., issued to such witnesses are properly chargeable to the county.

7. The clerk's fees for certificates of attendance and mileage issued to jurors and court officers under secs. 2560 and 733, R. S. 1878, are a proper charge against the county.

St. Croix County vs. Webster.

8. For the certified transcript of the list of certificates issued to jurors, etc., transmitted to the county board pursuant to subd. 8, sec. 742, R. S. 1878, the clerk is entitled to compensation from the county, under the clause of sec. 747 which provides a fee for making a copy of "a judgment, order, report or other paper or record."

9. In an action by a county to recover the amount of fees alleged to have been unlawfully paid to the clerk of the circuit court, the burden is upon the county to show by affirmative evidence the illegality of any items complained of.

10. In an action at law by a county to recover the amount of unauthorized charges which had been allowed by the county board on the fee bills of the clerk of the circuit court and paid to such clerk, there is no estoppel barring a recovery where the clerk neither performed any service nor changed his position by reason of any action taken by the county, but simply performed his duties as required by law.

APPEAL from a judgment of the circuit court for St. Croix county: W. C. SILVERTHORN, Judge. *Modified and affirmed.*

This is an action by *St. Croix County* to recover back from the defendant alleged illegal fees which had theretofore been paid by the county to the defendant in his capacity as clerk of the circuit court. It appears from the evidence that the defendant was clerk of the circuit court of *St. Croix County* for six years, being from 1891 to 1896, inclusive; that during that time he rendered annual bills to the county board for services claimed to have been performed by him, as such clerk, for and on behalf of the county, which bills were duly audited and paid; and it is now claimed that a considerable number of items in each of said bills were unauthorized and in excess of the fees allowed by statute to the clerk of the circuit court, and this action was brought to recover back such unauthorized fees. The complaint contained six counts, being one for each year. A general demurrer was interposed to the complaint, and a separate demurrer to each count thereof, on the grounds that the court had no jurisdiction and that it did not state facts sufficient to constitute a cause of action. The first count was

St. Croix County vs. Webster.

also demurred to on the ground that the same was barred by the statute of limitations. All the demurrers were overruled, except the demurrer to the first count of the complaint, which was sustained on the ground that the same was barred by the statute of limitations.

The defendant having answered, the case was tried before the court, jury trial having been waived. The court found generally in favor of the plaintiff on all the items claimed to be recovered by the county in the last five counts of the complaint, except as to an item for drawing certain reports of a committee of the county board, and upon such findings judgment was entered in favor of the plaintiff and against the defendant for the sum of $1,250.55 and costs. From this judgment the defendant appeals.

For the appellant there was a brief by *Baker & Haven,* and oral argument by *Spencer Haven.* They contended, *inter alia,* that when a claim is regularly presented to the county board for allowance or disallowance, the board in allowing or disallowing it, or any part thereof, acts judicially and its action thereon is conclusive upon the parties until reversed or set aside by a proper proceeding, appeal or *certiorari,* for that purpose. The conclusiveness of the judgment or allowance of the claim by the county board can be attacked collaterally only upon the ground of fraud or absolute want of jurisdiction. *Heald v. Polk Co.* 46 Neb. 28; *Ragoss v. Cuming Co.* 36 Neb. 375, 46 Neb. 36; *Cuming Co. v. Thiele,* 48 Neb. 888; *State ex rel. Franklin Co. v. Vincent,* 46 Neb. 408; *Sioux Co. v. Jameson,* 43 Neb. 265; *State ex rel. Ensey v. Churchill,* 37 Neb. 702; *Dixon Co. v. Barnes,* 13 Neb. 294; *Wayne Co. v. Randall,* 43 Mich. 137; *Advertiser & T. Co: v. Detroit,* 43 Mich. 116; *McArthur v. Luce,* 43 Mich. 435; *Regents of University of Mich. v. Rose,* 45 Mich. 284; *Perry v. Cheboygan,* 55 Mich. 250; *El Dorado Co. v. Elstner,* 18 Cal. 144, 149; *Tilden v. Sacramento Co.* 41 Cal. 68; *Colusa Co. v. De Jarnett,* 55 Cal. 373, 375; *Placer Co.*

v. *Campbell*, 11 Pac. Rep. 602; *Cox v. New York*, 103 N. Y. 519, 527; *People ex rel. Case v. Collins*, 19 Wend. 56, 58, 64; *People ex rel. Board of Health v. Dutchess*, 9 Wend. 508; *Sup'rs of Onondaga Co. v. Briggs*, 2 Denio, 26, 31–41; *People ex rel. Cent. Nat. Bank v. Fitzgerald*, 54 How. Pr. 1; *Martin v. Greene Co.* 29 N. Y. 645; *Chenango v. Birdsall*, 4 Wend. 460; *Comm'rs of Scioto v. Gherky*, Wright, 494; *Brewer v. Boston, C. & F. R. Co.* 113 Mass. 56; *Board of Comm'rs of Warren Co. v. Gregory*, 42 Ind. 32; Stats. 1898, sec. 699, subd. 1; Id. secs. 676, 682–685; *Stringham v. Winnebago Co.* 24 Wis. 594; *Outagamie Co. v. Greenville*, 77 Wis. 165, 171; *Sharp v. Mauston*, 92 Wis. 629; *Land, L. & L. Co. v. McIntyre*, 100 Wis. 258, 262.

*James A. Frear*, for the respondent.

WINSLOW, J.　Whatever uncertainty may exist in the decisions of other courts upon the main question presented in this action, there is no uncertainty as to the position of this court, and that position may be briefly stated as follows: A public officer takes his office *cum onere*, and all services performed by him within the scope of his official duties, or which are voluntarily performed as such officer, are covered by his salary or compensation as fixed by law. A municipal corporation has no jurisdiction to allow to such officer additional compensation not authorized by law for the performance of such services, and if such allowance be in fact made it is a void act. If such officer receives such additional compensation from the municipal corporation whose officer he is, even with its consent, he obtains no title thereto, but it may be recovered by the corporation in a proper action at law. If the proper corporate officers in such case refuse or neglect to bring such action, an equitable action may be successfully maintained by any taxpayer to recover such moneys for the benefit of the corporation, if the action be a timely one and there are no equitable considerations

St. Croix County vs. Webster.

which will operate as an estoppel. *Kewaunee Co. v. Knipfer*, 37 Wis. 496; *Frederick v. Douglas Co.* 96 Wis. 411; *Quaw v. Paff*, 98 Wis. 586; *Land, L. & L. Co. v. McIntyre*, 100 Wis. 258; *Webster v. Douglas Co.* 102 Wis. 181. When the action is brought by the corporation itself, there can be no doubt that the proper form thereof is that of an action for money had and received, as is the form of the present action. These general propositions not being doubtful, we may proceed at once to the consideration of the facts of the present case.

The defendant was clerk of the circuit court of *St. Croix County* from 1891 to 1896, inclusive, and performed the duties of the office, rendering bills against the county for alleged official services annually, which bills were allowed and paid as rendered, with the exception that in 1896 a deduction of $24 was made from the bill as presented. These bills were itemized, and it is claimed in this action, and was found by the court, that a considerable number of the items were improper and illegal charges which the county had no legal authority to allow or pay.

Under our statute the clerk of the circuit court is not a salaried officer, but receives his compensation in fees. The statute says (R. S. 1878, sec. 747): "The clerks of the several circuit courts shall be entitled to the following fees and *no more*, viz." Then follows a long list of services, with a specified fee for each service, and at the close of the section appears the following provision: "Whenever the county board may think the compensation herein provided insufficient, they may order an additional sum to be paid out of the county treasury." With regard to this latter provision, under which certain of the illegal allowances are attempted to be justified in the present case, it may as well be said at the outset that the county board never acted or attempted to act under it. They simply allowed the items of the bills as presented. No claim was ever made by the defendant

that the compensation allowed by statute was insufficient, and hence there has been no consideration of that question by the county board. It is absolutely certain, therefore, that this provision cannot be used to justify any charge exceeding the statutory fees, because there was no finding by the county board that the statutory compensation was insufficient, and no attempt nor intention shown to make any additional compensation.

Proceeding now to the items for which judgment has been rendered against the defendant in the present action, we shall consider them in detail:

The defendant charged and was allowed by the county board $3 for each quarterly statement made by him to the secretary of state under sec. 743, R. S. 1878, showing the actions commenced in the circuit court during the preceding quarter, making in all $60. He also charged and was allowed $35 for remodeling the clerk's office by putting in new file cases purchased by the county, and sorting out the old papers and filing them away in order in the new cases. He also charged and received $6 for writing letters to thirty-six jurymen, notifying them when to attend, and afterwards writing a second set of letters notifying them not to come; both sets of letters having been written by order of the court. As to all of these items it is frankly conceded by the defendant's counsel that there is no provision of the statute prescribing a fee for such services, but it is claimed that their allowance may be justified under the additional compensation clause. Under the principles already laid down in this opinion, there can be no allowance under that clause, because the board never acted under it. All of these items, therefore, were properly recoverable in this action.

The defendant charged and was allowed $3 for each jury term for writing the names of eligible jurors, cutting them apart, and putting them in the ballot box ready for the drawing of the panel of jurors, amounting to $30 in all. This

is attempted to be justified only under that clause of sec. 747, *supra*, which allows the clerk ten cents per folio for "making copies of any judgment, order, report or other paper or record." It is sufficient to say with regard to this claim that we think it clear that the clause quoted does not cover the work done.

The next item is a charge for transcribing the court minutes, amounting to $428. It appears that the defendant kept the minutes of the proceedings of court when in session in pencil, and after the adjournment of court drew them off from this pencil memorandum into a permanent book with pen and ink, and this charge is for that service. The defendant attempts to justify this charge under the clause quoted above with regard to the last preceding item, and under another clause of sec. 747 which allows ten cents per folio "for recording any paper, order, judgment or report when required." It is plain that neither clause covers the charge. The statute requires him to keep a minute book showing all the proceedings in court (R. S. 1878, sec. 742), but gives him no fee therefor. It is one of the duties which he assumes in consideration of the compensation fixed for other services, and he is not entitled to charge for it.

The next item is a charge of $215.50 for oaths administered to witnesses in criminal cases to verify their mileage and *per diem* fees. This is supposed to be justified by that clause of sec. 747 which provides a fee of twenty-five cents for administering an oath, and by sec. 4060, R. S. 1878, which provides that the clerk shall issue to each witness in a criminal case a certificate of attendance, travel, and compensation due him, *upon proof by affidavit* of such attendance and travel. In the present case the clerk administered the oaths to the affidavits of attendance, and claims that the county should pay him the statutory fee for each oath. The claim is not tenable. Under sec. 4060 it is manifest that the witness himself is to make and present his affidavit to the

clerk.    If the clerk administers the oath, it is a service per-
formed for the witness, and not for the county.

The statute allows the clerk $1 for drawing a panel of
jurors for a term, but the defendant charged $3 for each
panel drawn, making an excess of $16, which has been
paid him.   This cannot be justified in any way, and the
trial court rightly held that the defendant was liable
for it.   The same remarks apply to items aggregating $37
for admitting jurymen to citizenship.   It seems that when
jurors were found in attendance who had not obtained their
second papers the court was in the habit of directing. that
they obtain their second papers, in order that they might act
as jurors, and that in each such case the defendant charged
and was allowed $1.50 for his services and certificate.   The
statute (sec. 747) gives him a fee of $1 on an admission to
citizenship, including the certificate.   The court has disal-
lowed the sum of fifty cents in each case, which action is
manifestly right.   Whether the entire charge should not
have been disallowed may be a serious question, but it is
not before us now.

There are, however, a number of items for which judg-
ment has been rendered against the defendant which we
think were properly allowed by the county board, and for
which there can be no recovery.   These are:

First.  The item of $84.25 for certificates issued to wit-
nesses in criminal cases, certifying to their attendance and
mileage, under sec. 4060, R. S. 1878.   Sec. 747 provides
that the clerk is entitled to a fee of twenty-five cents for·
every certificate, including seal.   As the statute does not
provide or contemplate that the witness shall pay for the
certificate, and as the clerk is, under the statute, entitled to
a fee of twenty-five cents therefor, it seems clear that it is a
proper charge against the county.

Second.  The item of $234.25 for certificates of attendance
and mileage issued to jurors and court officers under secs.

St. Croix County vs. Webster.

2560 and 733, R. S. 1878, was also a proper charge against the county for the same reasons.

Third. The item of $22.80 for certified lists of all certificates issued by him to jurors, witnesses, and officers was a proper charge. Subd. 8, sec. 742, R. S. 1878, requires the clerk to keep an accurate list, in a book, of all such certificates issued by him, and annually transmit to the county board a certified transcript of such list for the preceding year. The original list kept by the clerk in a book is certainly a record, and we think he is entitled to compensation from the county for making this copy of one of his records, under the clause of sec. 747 which provides a fee of ten cents per folio for making a copy of "a judgment, order, report or other paper or record." ·

Fourth. The court allowed a recovery for excess of fees in criminal cases amounting to $81.75. It is said by the appellant that there is no evidence in the case which shows, or from which it can be ascertained, what fees the clerk was entitled to in any criminal case, and our own examination of the record confirms the statement. The county has the burden of proof, and must show by affirmative evidence the illegality of any item or items complained of, before it can recover. We find no proof which would entitle the trial court or this court to find that any clerk's fees charged in criminal cases were excessive, and hence cannot say that the item was improper.

We have now considered and disposed of all the items of the recovery which are complained of by the appellant. We have found no facts in the case which should work an estoppel as against the legal claim of the county. The action is at law. The defendant neither performed any service nor changed his position in any particular by reason of any action taken by the county. He simply performed his duties as he was by law required to do. He has in his pos-

session moneys of the county to which he is not entitled, and he should refund them.

An error is alleged because the court did not by the judgment dismiss the complaint as to the first count, the demurrer to which was sustained. The supposed error is not, however, argued in the brief, and we do not feel called upon to notice it.

There will be no necessity for further proceedings in the court below. The judgment is excessive in a certain amount, viz. $423.05, with interest from the date of demand to the date of judgment, being in the aggregate $449.13. The judgment can be modified by this court, and affirmed as modified.

*By the Court.*— Judgment modified by deducting therefrom $449.13, and affirmed as so modified. The appellant will be entitled to tax and recover costs in this court.