# CASES DETERMINED

# Jauary Term, 1922.

---

DAWLEY, Respondent, vs. CALLAHAN, Appellant.

*June 9—July 8, 1922.*

*Taxation: Newspaper qualified to publish delinquent tax list: Sale of newspaper: Taxpayer's action.*

1. Under sub. (1), sec. 74.33, Stats. 1921, requiring the delinquent tax list of a county to be published in a newspaper printed in the English language which has been in circulation in the county for at least two years immediately prior to the publication, where a corporation, organized to publish a newspaper, bought the name of a paper which had been formerly published in the German language and was furnished a list of subscribers to whom the new paper which the corporation proposed to publish might be sent, and the former owner of the German paper assumed another name for his paper but transferred none of the physical assets of his plant, the newspaper published by the corporation was not qualified as a paper in which to publish the delinquent tax list.

2. Under sec. 74.42, Stats. 1921, requiring a county to purchase tax certificates at a sale for delinquent taxes if there are no other bidders, a taxpayer has sufficient interest in the subject matter to enable him to maintain an action to enjoin the publication of a delinquent tax list in a newspaper on the ground that it does not conform to the provisions of sub. (1), sec. 74.33.

APPEAL from a judgment of the municipal court of Langlade county: ARTHUR GOODRICK, Judge. *Affirmed.*

The plaintiff is a resident taxpayer of Langlade county and brought this action to enjoin the defendant *Callahan*, as county treasurer of Langlade county, from publishing the delinquent tax list of that county in the Antigo Herald, upon the ground that the Antigo Herald had not been reg-

Dawley v. Callahan, 178 Wis. 1.

ularly published in said county for at least two years prior
to the time of the proposed publication, as required by sec.
1130 of the Statutes of 1919 (sub. (1), sec. 74.33, Stats.
1921).

The facts as found by the court are briefly as follows:
At the time of the commencement of this action there was
published in the city of Antigo, Langlade county, the Antigo
Daily Journal, a daily newspaper, the Antigo Weekly
Journal, a weekly newspaper, the Farmers Journal, pub-
lished biweekly, and the Weekly News Item, a weekly news-
paper, all of which publications had, for more than two years
preceding the commencement of the action, been regularly
published in the English language. The Antigo Herald
issued its first publication December 5, 1919. It claims to
be qualified under the statute to publish the tax list by reason
of the purchase of a newspaper published in the German
language, known as the Antigo Herold, which had been pub-
lished by one Goebel as a German newspaper for something
like thirty years prior to the commencement of the action.
In the fall of 1919 Goebel gave to the owners of the Antigo
Herald a bill of sale which purported to convey to them all
legal rights of the paper formerly conducted by Goebel.
None of the physical assets owned and used by Goebel in
the publication of the Antigo Herold were transferred by
him to the owners of the Antigo Herald. Goebel's last pub-
lication of the Antigo Herold was November 28, 1919. On
December 5th of the following week he published a German
paper in the same form and general appearance, using the
same equipment that he used prior to that time in the print-
ing and publication of the Antigo Herold, the only differ-
ence being that the issue of December 5th was called the
Antigo Banner and the serial number was changed to
Volume I, No. 1. Underneath the name "Antigo Banner"
appeared the words, "Formerly the Antigo Herold." In
the issue of December 5th appeared the following explana-
tion:

Dawley v. Callahan, 178 Wis. 1.

*"To our Readers:* The publisher of the Antigo Herold has sold the title of his paper, published for thirty-one years, to a newly organized corporation, the Langlade Printing Company, who will continue to publish the paper in the language of our country, and in the publishing and editing of this German paper a change will take place in so far that this paper will change its name to the Antigo Banner. In form and contents will be, for the time being, the same. Our readers this week will also receive a new paper, the Antigo Herald, as a sample copy of the new paper, and those who would like to read a well-edited paper may subscribe for it. In letters, etc., addressed to us you will please, in order to avoid mistakes, omit the heretofore heading of our paper and simply address Ed. Goebel, Antigo, Wisconsin."

It appeared that the paper edited and published by Goebel, called the Antigo Banner, contained the same or substantially the same advertisements, was the same kind of a paper, printed in the same language, at the same place, by the same editor and publisher, and was sent to the same subscribers. The Langlade Printing Company was a copartnership composed of Brawley and Kasson. Subscriptions had been solicited during the fall of 1919. The Antigo Herald did not use the name plate which they purchased from Goebel, but continued the serial number of the Antigo Herold.

Under these circumstances the trial court held that the Antigo Herald was not legally qualified to publish the delinquent tax list and enjoined the publication thereof in that paper. From the judgment entered accordingly the defendant appeals.

The cause was submitted for the appellant on the brief of *Morson & Reinert* and *A. N. Whiting,* all of Antigo, and for the respondent on that of *Hay & White* of Antigo.

ROSENBERRY, J. In support of the judgment it is claimed under the case of *State ex rel. Goebel v. Chamberlain,* 99 Wis. 503, 75 N. W. 62, that the Antigo Herold was not

qualified to publish the tax list because not printed in the English language, hence could transfer no rights in that respect to the Antigo Herald; but the conclusion which we have reached does not make it necessary to discuss that proposition. Considering the purpose of the statute, which was that the tax list should be published in a paper of general circulation which had been in existence long enough to be of a permanent and substantial character, we are of the opinion that the Antigo Herald was not a newspaper which had been published for two years preceding the proposed date of the publication of the tax list. If we look beyond the form to the substance of things, Mr. Goebel, the publisher of the Antigo Herold, did not transfer a newspaper, in the ordinary acceptation of that term, to the Langlade Printing Company. He transferred nothing excepting a name plate, which was never used, the name being changed from the Antigo Herold to the Antigo Herald. While he furnished a list of subscribers to whom the new paper might be sent, they were not in fact subscribers to the new paper in any right sense of the term. The Langlade Printing Company purchased nothing but the right to use the name, assuming that to have been necessary, and the right to continue the serial number. Without specifying exactly what does constitute a sale of a newspaper, we are clear that this transaction does not constitute such a transaction so as to make the new publication a continuation of the old.

The question of the right of the plaintiff to sue was raised in this case. The plaintiff is a taxpayer, and we think under the doctrine announced by this court in the cases of *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369; and *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451, the plaintiff had a right to bring and maintain this action. A large portion of the revenues of many of the

counties in Northern Wisconsin is derived from the sale of land on which the taxes have not been paid. The county is required to purchase tax certificates if there are no other bidders. Sec. 74.42, Stats. A taxpayer, has such an interest in the subject matter as entitles him to maintain the action. *Sinclair v. Board of County Comm'rs,* 23 Minn. 404.

It is urged on the part of the respondent that there is no real question now pending before the court for the reason that the publication of the tax list for 1920 has been long ago completed. We prefer, however, to treat the matter upon its merits and dispose of it upon that ground rather than upon the technical ground urged here, in view of the situation of the parties to this appeal.

*By the Court.*—Judgment affirmed.