GEYSO, Appellant, v. CITY OF CUDAHY and others, Respondents.

*March 3—April 11, 1967.*

478

480

482

For the appellant there were briefs by *Honeck, Mantyh & Arndt* of Milwaukee, and oral argument by *William J. Mantyh.*

For the respondents there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

WILKIE, J.  Two issues are raised by this appeal:

1. Are ordinances creating and increasing a monthly expense allowance and increasing a monthly stenographic allowance null and void because the creation and increase of such allowances constitutes an increase in salary prohibited by sec. 62.09 (6) (b) and sec. 66.196, Stats.?

2. Can the city of Cudahy pay out such allowances if there are no itemized statements or vouchers submitted demonstrating that the expenses actually were incurred?

Secs. 62.09 (6) (b) and 66.196, Stats., prohibit increases in salary during the term in office of a city official. Nothing in these two statutes prohibits a city from reimbursing officials for expenses incurred in the performance of official duties or from increasing the amount of reimbursement if such expenses should increase. The words salary and expense are separate and distinct terms which connote entirely different concepts.[1] Salary is a fixed periodical compensation paid for services rendered whereas an expense is a charge incurred in performing those services. 43 Am. Jur., Public Officers, p. 154, sec. 368, articulates the essential difference between the two in the public domain where salary increases are prohibited during the term of office:

---

[1] *Harlan County v. Blair* (1932), 243 Ky. 777, 49 S. W. (2d) 1028. Fees of officers are recompense for services, while "expenses" indemnify them for funds expended. *State ex rel. Jaspers v. West* (1942), 13 Wash. (2d) 514, 125 Pac. (2d) 694. The terms "salary" and "compensation" impart the idea of compensation for personal services and not repayment of money necessarily expended in the discharge of the duties of the office.

"Public officers are very often allowed statutory compensation for expenses incurred by them in the performance of their official duties. Such allowances for expenses are something different from salary, emoluments, or perquisites, and prohibitions against changing these do not ordinarily apply to an allowance for expenses. Where, by constitutional provision, the compensation of a designated officer or class of officers for the performance of official duties is fixed, official expenses may be allowed the officer, but not personal expenses, or expenses unnecessarily incurred. . . ."

A problem exists with the narrow construction of the prohibition against changes of salary of public officials while in office. The obvious purpose of the prohibition against changes of salary during their terms of office was to prevent public officials from raising their own compensation after they had started to serve their elected terms. In view of this prohibition, what of the possibility that city councils could increase their own salaries by increasing their expense allowances above their actual expenditures? In order to protect the public against unlawful compensation increases, the courts must be able to pierce the form and examine the substance of the increase. A flexible rule is needed to permit reimbursement of official expenses yet avoid devious schemes of increasing compensation. In all cases the substance of the increases should be the focal point.

An allowance for expenses incident to the discharge of the duties of office in and of itself is not necessarily an increase in salary.[2] Wisconsin recognizes this rule. In

---

[2] *Ware v. Battle Creek* (1918), 201 Mich. 468, 167 N. W. 891; 43 Am. Jur., Public Officers, p. 156, sec. 371; Anno. 5 A. L. R. (2d) 1182, 1186. A conflict exists on this point and many states hold that such expense allowances cannot be permitted because this violates the rule precluding salary increases during the term of office. Often this conflict is more apparent than real because the question must always be disposed of by an interpretation of the peculiar language of the constitution or statute involved. Anno. 5 A. L. R. (2d) 1182, 1185; 43 Am. Jur., Public Officers, p. 23 (supplement), sec. 368.5.

*Milwaukee County v. Halsey* [3] our court was confronted with the problem of whether an expense allowance was compensation as an incident to the main issue of whether Milwaukee county could be required to pay circuit judges. The court held that:

". . . We give to the word 'compensation' found in this act the same meaning which the word has in the state constitution, sec. 26, art. IV, sec. 10, art. VII, sec. 5, art. V, sec. 2, art. VI, sec. 3, art. VI. The 'compensation' of other circuit judges did not include the reimbursements provided for by ch. 263, Laws of 1889, because to hold otherwise would give this word a meaning different from its manifest meaning in the constitutional provisions above referred to and would convict the legislature of passing an unconstitutional law when it enacted ch. 263, *supra,* and because that act itself expressly distinguished the sum so awarded from salary, while in the constitution the words 'salary' and 'compensation' are employed synonymously." [4]

The court recognized that reimbursement of expenses was not compensation. Similarly, in *State ex rel. Raymer v. Cunningham* [5] the court overruled an order sustaining a demurrer to a complaint that the state was illegally increasing the compensation of the state superintendent in the guise of expense payments. The court recognized that expense payments could be reimbursed without increasing the superintendent's salary. The demurrer was overruled, however, because the complaint alleged that no such expenses were actually incurred by the state superintendent.

An additional problem is presented by the case at bar. Under the ordinances of the city of Cudahy a lump sum expense allowance was paid to the aldermen and to the city attorney, and no requirement was imposed that expenses actually exceed or equal this figure nor that the

---

[3] (1912), 149 Wis. 82, 136 N. W. 139.
[4] Id. at page 86.
[5] (1892), 82 Wis. 39, 51 N. W. 1133.

officials must itemize such expenses in vouchers submitted to the city. If reimbursement for official expenses is not precluded by provisions prohibiting salary increases in office, an appropriation in gross will be upheld if it is within such reasonable limits as to warrant the conclusion that it might be covered by a certified statement of expenses incurred.[6]

The rule of reasonableness of the gross amount has been adopted in several other states where expense reimbursement is not a salary increase.[7] A basic reason behind these decisions is that the courts will not presume that the matter of the amount and the necessity for the expenses was not properly investigated by the legislature. The rule is summarized in *Tierney v. Van Arsdale*[8] as follows:

"The holding in the Manning case is that an allowance of a lump sum for official expenses, based upon a legislative estimate of such expenses, is not to be considered as an increase of compensation, and cannot be questioned by the courts unless it is 'so plainly and palpably in excess of any amount of expenses which could possibly be incurred by the judges in the discharge of their official duties as to show without evidence or argument, beyond all reasonable doubt, that the Legislature intended to increase the salary of the judges and not to provide for the payment of expenses incident to the discharge of their official duties.' 213 S. W. 2d 585.

[6] 43 Am. Jur., Public Officers, p. 156, sec. 371; Anno. 5 A. L. R. (2d) 1182.

[7] *McCoy v. Handlin* (1915), 35 S. D. 487, 153 N. W. 361; *State ex rel. Payne v. Reeves* (1921), 44 S. D. 568, 184 N. W. 993; *Manning v. Sims* (1948), 308 Ky. 587, 213 S. W. (2d) 577; *State ex rel. Weldon v. Thomason* (1920), 142 Tenn. 527, 221 S. W. 491; *Peay v. Nolan* (1928), 157 Tenn. 222, 7 S. W. (2d) 815; *Tierney v. Van Arsdale* (Ky. 1960), 332 S. W. (2d) 546; *Eberle v. Nielson* (1957), 78 Idaho 572, 306 Pac. (2d) 1083; *Loushay Appeal* (1951), 169 Pa. Super. 543, 83 Atl. (2d) 408, affirmed (1952), 370 Pa. 453, 88 Atl. (2d) 793.

[8] *Supra*, footnote 7, at page 547.

"We perhaps should mention that there may be a kind of exception to the above holding in the situation where an officer has been required by law to perform a specific, particular service at his own expense, and thereafter during his term legislation is enacted making him an allowance for such expense. . . ."

Only if the expense allowance is patently for the purpose and design of permitting the office holder to convert the allowance to his own use regardless of whether any expenses have been incurred should the money be regarded as compensation and within the prohibition of the statute.

In the case at bar, the amounts provided for expense allowances for aldermen were found to be reasonable by the trial court and that finding is supported by the evidence. Most of the aldermen had expenses which equaled or exceeded the expense allowance, which demonstrates that the amounts are not "so plainly and palpably in excess of any amount of expenses which could possibly be incurred" as to show that the council intended to increase their own salary. The burden of showing the illegality of the ordinance is on the challenging taxpayer.[9] Exhibit No. 9 contains a summary of the duties and hours of the city attorney. From this summary, a stenographic expense account of $200 per month does not appear unreasonable or intended to compensate the city attorney (the city attorney works for the city between 80 and 90 hours a month and makes frequent court appearances).

The requirement of reasonableness serves as a practical check on the use of expense accounts as an attempt to increase compensation. Essentially, the city council has the power to increase expense allowances and this power is only limited by sec. 62.09 (6) (b) and sec. 66.-196, Stats., when the increase in expense allowances is

[9] *St. Croix County v. Webster* (1901), 111 Wis. 270, 87 N. W. 302.

designed to increase the level of compensation of public officials.

Appellant cites several cases dealing with the principle of *cum onere,* and attempts to apply the holding of these cases to the facts in the case at bar.[10] In all these cases a public official attempted to recover additional compensation for performing duties which were assigned as part of the function of his office. The courts refused to permit the recovery of additional fees by applying the rule that such duties were part of the services for which the official was compensated. Appellant also cites the *Rooney Case*[11] where the court struck down an expense allowance of $3,000 to the county treasurer to provide for additional clerks. The case is similar to *State ex rel. Raymer v. Cunningham, supra,* because there was no relation of the $3,000 allowance to the amount actually spent for clerical help and the act thus directly compensated the county treasurer. The rule of *cum onere* has only been applied to situations where a public officer attempted to gain extra compensation for performing services encompassed within the function of his office. In the instant situation, the history of expense reimbursement in the city of Cudahy shows that the city never intended that its officials go uncompensated for these expenses.

The trial court held that the ordinances were valid because the expense accounts were not in excess of any amount that could possibly be incurred. The council had determined what were the usual and customary expenses connected with the offices, and the purpose of the increase in expense allowances was not to increase the compensation of the officials. Moreover, the trial court

---

[10] *Dodge County v. Kaiser* (1943), 243 Wis. 551, 11 N. W. (2d) 348; *Quaw v. Paff* (1898), 98 Wis. 586, 74 N. W. 369; *St. Croix County v. Webster, supra,* footnote 9.

[11] *Rooney v. Supervisors of Milwaukee County* (1876), 40 Wis. 23.

found that none of the expense money was used for purely personal purposes.

The trial court ruled, however, that all expenses of city officials had to be itemized on vouchers submitted to the treasurer and that the total expense allowance would be paid to the official only if his itemized expenses equaled or exceeded the amount of the allowance. By this ruling, the trial court construed the expense account ordinances only as maximum limitations on expense allowances. In our view, however, the city council had no such intention because no itemized vouchers had ever been submitted before. The basis of the trial court's ruling was that disbursements by cities could only be made by three means: (1) Payment of regular wages on salary; (2) upon the written order of the city clerk after proper vouchers had been filed; and (3) payments of interest and principal on bonds. The trial court assumed that because the expense allowances do not fall within categories one and three, the allowances must fall within category two, requiring the submission of an itemized voucher.

The fallacy of the trial court's ruling is that there are more than three categories. A fourth category is that regular expenses which are incurred by the city may be paid by authorization of the council without the submission of an itemized claim to the treasurer. See secs. 62.12 (6) (a), (b), (c),[12] and 66.042 (1) and (5), Stats.

---

[12] "62.12 (6) FUNDS; APPROPRIATIONS; DEBTS. (a) Unless otherwise provided by law city funds shall be paid out only by authority of the council. Such payment shall be made in the manner provided by section 66.042.

"(b) The council shall not appropriate nor the treasurer pay out 1. Funds appropriated by law to a special purpose except for that purpose, 2. Funds for any purpose not authorized by the statutes, nor 3. From any fund in excess of the moneys therein.

"(c) No debt shall be contracted against the city nor evidence thereof given unless authorized by a majority vote of all the members of the council."

The council determined what was the average level of expenses incurred by the aldermen and the city attorney and the trial court ruled that the allowances for these expenses were reasonable. One of the purposes of setting the expense allowances at a set figure which approximated what the actual expenses were was to avoid incurring clerical costs necessary to check itemized vouchers each month. The council acted validly in providing for these expenses and the trial court was in error in requiring vouchers in order to gain the allowances. For this reason the trial court's judgment should be modified by deleting the part requiring the submission of itemized vouchers.

It is true that a rule permitting the aldermen to regulate the level of reimbursement for their official expenses could be abused. However, if the reimbursement level is not reasonably related to the actual expenditures incurred, then it can be challenged in court. The amounts in the instant case have been challenged in court and correctly found to be reasonable. The ordinances are valid.

*By the Court.*—Judgment modified to eliminate requirement for vouchers, and, as so modified, affirmed; cause remanded for further proceedings not inconsistent with this opinion. Costs on this appeal to respondents.

HANSEN, J., took no part.