ROBERT RUSCH, District Attorney, Taylor County
You have requested my opinion whether commissioners of the Taylor County Housing Authority may be paid a per diem by Taylor County.
The answer to this question is in the negative. *Page 304 
Section 59.075 (1), Stats., provides:
"(1) Sections 66.40 to 66.404 shall apply to counties, except as otherwise provided in this section, or as clearly indicated otherwise by the context."
A county board may create a county housing authority pursuant to secs. 66.40-66.404, Stats.
Section 66.40 (4), Stats., provides that when a housing authority is created, it is a body politic.
In 45 OAG 180 (1956) and 37 OAG 626 (1948), it was stated that once created, the authority was not an arm, department, or agency of the municipality which created it but is an independent entity separate and distinct from such municipality.
Section 66.404 (2), Stats., provides that the municipality or county can advance money to such housing authority for administrative expenses during the first year or appropriate money thereafter. Such funds may be treated as a donation or a loan as the municipality shall determine. Generally speaking, once received by the housing authority, such funds are beyond the control of the county and are to be used by the housing authority to pay its lawful obligations.
Sections 66.40 (5) (a), Stats., provides that the authority shall be governed by five commissioners, not more than two of which may be county officers.
Such commissioners, including county board members serving as such, are only permitted to be paid the amounts provided by law. Section 66.40 (5) (b), Stats., provides in part:
"* * * A commissioner shall receive no compensation for his services but he shall be entitled to the necessary expenses including traveling expenses incurred in the discharge of his duties."
I construe that provision as prohibiting the authority or the county from paying any commissioner compensation in the form of per diem or salary for housing authority services.
The authority could pay such commissioners expense amounts actually incurred or a reasonable flat sum per month to cover all expenses. Per diem is compensation whereas reimbursement for *Page 305 
expenses is not. See Geyso v. Cudahy (1967), 34 Wis.2d 476,149 N.W.2d 611.
RWW:RJV