Dear Mr. Wilson:
This is in response to your request for an opinion which reads as follows:
 "Does the payment of travel expenses, as set out in RSMo. Section 43.110, of which a part of such reimbursed travel expenses has been declared to be income to the officer by the Internal Revenue Service, constitute a payment in violation of Section 43.070 which fixes maximum salaries of members of the Missouri State Highway Patrol? Section 43.070 is subject to Section 43.080, which allows 5-year service salary increases."
It is our understanding that your query was prompted by a recent audit of the Missouri State Highway Patrol (MSHP) by the state auditor. That audit questioned whether the reimbursements made to highway patrolmen for certain travel expenses (which have been ruled income for federal income tax purposes) should be considered part of the salary paid patrolmen under Section 43.070, V.A.M.S. (Senate Bill No. 763, Seventy-Ninth General Assembly, Second Regular Session).
It is further our understanding that these travel expenses are reimbursed only after they have been incurred by a highway patrolman and a proper expense account form has been submitted for payment. The individual highway patrolman must sign the expense account form and thereby attest that the expense was necessary to the public business of the state.
In answering the question you pose, we shall concern ourselves with Missouri law exclusively. In so doing, we acknowledge the decisions of the United States Supreme Court in Commissionerv. Kowalski, 434 U.S. 77 (1977), in which cash advances to New Jersey highway patrol officers for meals consumed while on duty were held to be income to the officers under 26 U.S.C. § 61(a), and Central Illinois Public Service Co. v. United States,435 U.S. 21 (1978), which held that although income to the employee, cash meal reimbursements, were not wages subject to withholding as required by 26 U.S.C. § 3401-3403. Further, we acknowledge P.L. 95-427 (H.R. 12841), effective October 7, 1978, which, in its effect, applies the Kowalski decision prospectively, and Rev. Proc. 79-13 (1979-10 I.R.B. 27), which implements P.L. 95-427.
In acknowledging these federal decisions and enactments, we intend no interpretation of them. Instead, we turn to Missouri law, and, in rendering the opinion requested, seek to determine the intent of the legislature. State v. Kraus, 530 S.W.2d 684
(Mo. banc 1975); State ex rel. Dravo Corp. v. Spradling,515 S.W.2d 512 (Mo. banc 1974).
As your question indicates, separate statutory sections exist which establish salary limitations and which authorize reimbursements of certain travel expenses of members of the patrol. Section 43.070, V.A.M.S. (Senate Bill 763, Seventy-Ninth General Assembly, Second Regular Session) states:
 "The annual salary of the superintendent shall be twenty-one thousand six hundred dollars. The annual salary of all other members of the Missouri state highway patrol shall be fixed by the superintendent not to exceed nineteen thousand five hundred dollars for the lieutenant colonel, eighteen thousand six hundred dollars for the majors, seventeen thousand seven hundred dollars for the captains and director of radio, sixteen thousand eight hundred dollars for the lieutenants and radio engineers, fifteen thousand nine hundred dollars for the sergeants, fifteen thousand dollars for the corporals, fourteen thousand four hundred dollars for the patrolmen first class and radio personnel, fourteen thousand one hundred dollars for the patrolmen and thirteen thousand eight hundred dollars for probationary patrolmen."
Section 43.110, RSMo, provides in part:
 "The necessary expenses of the members of the patrol in the performance of their duties shall be paid by the state when such members are away from their places of residence or from the district to which they are assigned, subject to the approval of the commission. . . ."
We think the existence of separate statutory provisions is significant. Had the legislature intended to treat reimbursed expenses as salary, a separate statutory section would have been unnecessary.
Generally speaking, the terms "salary" and "expenses" are not treated as synonyms by the courts.
 "Public officers are very often allowed statutory compensation for expenses incurred by them in the performance of their official duties. Such allowances for expenses are something difference from salary, emoluments, or perquisites, . . ." 63 Am.Jur.2d, Public Officers, § 387 (1972).
Although we find no Missouri cases precisely in point, other jurisdictions have addressed similar questions. In In re Interrogatoriesby the Colorado State Senate, Forty-Sixth GeneralAssembly, 452 P.2d 391 (Colo. banc 1969), the Colorado Supreme Court held that a reimbursement for lodging expenses to state legislators was not part of the salary paid the lawmakers. And in Geyso v. City of Cudahy, 149 N.W.2d 611 (Wisc. 1967), the Wisconsin Supreme Court stated:
 "An allowance for expenses incident to the discharge of the duties of office in and of itself is not necessarily an increase in salary. . . ." Id. at 615.
See also Windmiller v. The People of the State of Illinois,78 Ill. App. 273 (1898), and Taxpayers' League of Carbon County,Wyoming v. McPherson, 54 P.2d 897 (Wyo. 1936).
It is our opinion that the legislature did not intend the terms "salary" and "expenses" to be treated as synonyms, and therefore, that actual travel expenses reimbursed to highway patrolmen should not be included in calculating the salary paid highway patrolmen.
Because your question finds its genesis in a ruling of the Internal Revenue Service, we make the following observation. A determination by the United States Supreme Court or the Internal Revenue Service that certain reimbursed expenses should be included in the income of highway patrolmen for purposes of federal income taxation does not require the State of Missouri to include those expenses in calculating the statutory salary paid patrolmen. That determination is properly left with the Missouri General Assembly, which has, in our opinion, decided that reimbursed travel expenses paid state highway patrolmen are not part of the salaries paid highway patrolmen under Section 43.070.
CONCLUSION
It is, therefore, our opinion that travel expenses reimbursed to Missouri State Highway Patrolmen under Section 43.110, RSMo 1969, do not constitute payment of salary under Section 43.070, Senate Bill 763, Seventy-Ninth General Assembly, and that such reimbursements are not in violation of the maximum salary limits established in Section 43.070.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Edward D. Robertson, Jr.
Sincerely,
 JOHN ASHCROFT Attorney General