

# The Attorney General of Texas

June 16, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-39

Re:   Salary of Travis County
Auditor

Dear Ms. Moore:

You have requested an opinion from this office regarding the salary properly to be paid the county auditor for Travis County. Your letter reads:

> On June 28, 1982, the district judges of Travis County promulgated an order setting the auditor's annual salary at an amount equal to the salary plus the car allowance of the assessor-collector of taxes for Travis County. This order was signed by all the district judges of Travis County and was filed with the District Clerk, John Dickson. However, the Commissioners Court of Travis County declined to record said order in its minutes (a copy of the order of the district judges is attached). Consequently, I would pose the following two questions to your opinion committee for resolution:
>
> 1. Is an order of the district judges setting the auditor's annual salary at the amount of the auto allowance paid the assessor-collector of taxes plus the salary of the assessor-collector of taxes in compliance with articles 1645 through 1650a, V.T.C.S.?
>
> 2. Can the order of the district judges become effective and the increase paid if the commissioners court has not caused the same to be recorded in its minutes?

Article 1645, V.T.C.S., states that in counties having a population of 10,000 or more a county auditor is to be appointed "who shall receive as compensation for his services an annual salary. . . of not more than the amount allowed or paid the Assessor-Collector of

Taxes in his county." The auditor's salary, according to the statute, is to be "fixed and determined" by the district judges having jurisdiction in the county.

Prior to 1955, the above emphasized portion of the statute read, "of not more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county." In that year "the amount allowed or paid the Assessor-Collector" was substituted for "the annual salary allowed or paid the Assessor and Collector." Acts 1955, 54th Leg., R.S., ch. 414, at 1117. Cf. Attorney General Opinions MW-445 (1982); O-826 (1939). To determine the maximum salary that can be paid the county auditor, we must first determine what is meant by the language "the amount allowed or paid the Assessor-Collector of Taxes."

Since 1935, the Texas Constitution has required most counties to compensate district and county officers on a "salary" rather than a "fee" basis. Tex. Const. art. XVI, §61. A statute, article 3912k, V.T.C.S., now authorizes the county commissioners court to set the salaries, expenses, and other allowances of most county officers, including tax assessors-collectors. It repeals parts of laws in conflict with its provisions.

Prior to the enactment of article 3912k in 1971, the salaries and expenses of tax assessors-collectors were governed by various other statutes. See V.T.C.S. arts. 3883, 3883c, 3883h, 3899, and 3912e; Attorney General Opinion V-607 (1948). Formerly, the commissioners court could also allow county officers additional compensation (over and above fixed salaries and fees) for "ex officio" services rendered. V.T.C.S. art. 3895. Taylor v. Brewster County, 144 S.W.2d 314 (Tex. Civ. App. - El Paso 1940, writ dism'd judgmt cor.). See Wichita County v. Robinson, 276 S.W.2d 509 (Tex. 1954); Robinson v. Wichita County, 106 S.W.2d 769 (Tex. Civ. App. - Fort Worth 1937, no writ). See also Nichols v. Galveston County, 228 S.W. 547 (Tex. 1921). Cf. V.T.C.S. art. 1672 (compensation of auditor for services rendered to an improvement district); Attorney General Opinions H-1251 (1978) (compensation of county auditor may not be set higher than salary paid tax assessor-collector); H-809 (1976) (supplemental salaries of certain county auditors).

The 1955 amendment to article 1645 assured that such "ex officio" allowances would be counted in determining the tax assessor-collector's total compensation. The aim was to permit the auditor to receive as much compensation for his services as the tax assessor-collector received for his -- if the judges considered it proper. We do not think, however, that it was the intention of the legislature in 1955 to count bona fide expense allowances or reimbursements in arriving at such a determination. In our opinion the phrase in article 1645, "not more than the amount allowed or paid the Assessor-Collector of Taxes," means not more than the amount

allowed or paid the assessor-collector as compensation for his services.  See Attorney General Opinions H-1266 (1978) (not to exceed salary of tax assessor); C-531 (1965) (compensation equals base pay plus additional salary for services rendered).  Cf. Attorney General Opinions V-832, V-859 (1949) (annual salary of county auditors based on annual salary of tax assessor-collector).

"Compensation" for services and "expense reimbursements" are not the same thing.  See Attorney General Opinions H-789, H-909 (1976).  A "salary" is compensation for services; an expense reimbursement is not.  See Harris County v. Hammond, 203 S.W. 445 (Tex. Civ. App. - Galveston 1918, writ ref'd) (allowances for expenses of care of prisoners).  See also Veltman v. Slator, 217 S.W. 378 (Tex. 1919); Anderson County v. Hopkins, 187 S.W. 1019 (Tex. Civ. App. - Galveston 1916, no writ); Attorney General Opinion WW-513 (1958).  Cf. McGuire v. City of Dallas, 170 S.W.2d 722 (Tex. 1943) (no law then existed which would authorize a city to make cash payment other than as compensation).  In our opinion, car allowances for tax assessors-collectors are not part of the "amount allowed or paid" tax assessors within the meaning of article 1645 for purposes of determining an auditor's salary, if the allowances are in the nature of bona fide expense reimbursements.  Another statute, article 1650a, V.T.C.S., makes express provision for reimbursing the travel and automobile expenses of county auditors.  See Attorney General Opinion MW-201 (1980).  Cf. Geyso v. City of Cudahay, 34 Wis.2d 476, 149 N.W.2d 611 (1967) (statutes prohibiting increases in salary do not prohibit increases in expense reimbursements).

We believe the district judges are precluded from treating the allowance as "compensation" for purposes of fixing the compensation of the county auditor.  For that reason, we do not believe the order of the district judges setting the auditor's annual salary was in compliance with article 1645, V.T.C.S., and associated statutes.  See Vitopil v. Ware, 280 S.W.2d 378 (Tex. Civ. App. - Waco 1955, no writ); Attorney General Opinion H-1251 (1978).

Turning to your second question, article 1645 requires that:

> [t]he action of the District Judge or District
> Judges in determining and fixing the salary of the
> County Auditor shall be made by order and recorded
> in the minutes of the District Court of the county
> and the Clerk thereof shall certify the same for
> observance to the Commissioners Court which shall
> cause the same to be recorded in its minutes.

In our opinion, a valid administrative order by district judges is not rendered ineffective by the failure of the commissioners court to record it in its minutes.  Inasmuch as article 1645 limits the

authority of district judges with respect to the setting of the auditor's salary, however, an order by district judges exceeding that authority is not within the statutory requirement.

### S U M M A R Y

The district judges of Travis County are not authorized to treat the automobile expense allowance of the county tax assessor-collector as an "amount allowed or paid" the tax assessor-collector for purposes of fixing the salary of the county auditor. A valid order by district judges fixing the salary of the county auditor is not rendered ineffective by the failure of the commissioners court to record it in its minutes.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Colin Carl
Nancy Sutton
Bruce Youngblood